UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY DEAN ANDERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-687-RLM-MGG |
| ROBERT E. CARTER, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy Dean Anderson, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Anderson alleges that, on August 31, 2021, as he was being escorted to his new cell in D-cellhouse, Correction Official Payge punched him in his stomach three times and in his face four times and accused him of "gunning down" their "sister." ECF 1 at 3. After he was placed in his new cell, Correction Official Turner yanked and jerked the leash attached to his cuffs and twisted his arms through the cuff port. While Officer Turner held his arms through the cuff port, Officer Payge stepped in and punched him in his face five more times with closed fists. Officer Turner then removed the cuffs and

both officers left after they stated "Don't say a f****** word." *Id*. He sustained a number of injuries, including swollen, bleeding, and busted lips; a swollen, very sore right jaw; cuts, bruises, and swelling on both wrists; and a bruised and swollen stomach.

     Mr. Anderson was escorted to the 100 West shower area at about 11:30 p.m.. Officer Payge and Sergeant C. Fredianelli came into the shower area cussing and calling him names and again accused him of gunning down their sister. Mr. Anderson says that Officer Payge and Sgt. Fredianelli punched him in the stomach while he was in cuffs, and punched him in the face and ribs when he fell to the floor, all while he begged them to stop. Sgt. Fredianelli told him that if tried to tell anyone about what happened it would only get w0orse for him. Mr. Anderson was scared because he believed he was going to be beaten to death in the shower. He says his lips were busted and bleeding again, there was pain in his jaw, and swelling and bruising on his stomach and right side. Mr. Anderson asked for medical help for his injuries but was unable to get it.

     Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See* <u>Farmer v. Brennan</u>, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." <u>Hendrickson v. Cooper</u>, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Anderson the inferences to which he is

entitled at this stage, he states plausible Eighth Amendment claims of excessive force against defendants Turner, Payge, and Fredianelli for assaulting him on August 31, 2021.

Mr. Anderson also asserts his Eighth Amendment rights were violated because Commissioner Robert E. Carter and Warden Ron Neal knew that Officer Payge and Sgt. Fredianelli had assaulted other inmates. He asserts that Commissioner Carter and Warden Neal have covered up and condoned Officer Payge's and Sgt. Fredianelli's behavior in the past. He asks for injunctive relief to correct this behavior. These allegations are vague, as is the relief that is requested. A § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). A supervisor is generally not liable under 42 U.S.C. § 1983 for what an underling did. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Mr. Anderson hasn't alleged that these two defendants were personally involved in the August 31, 2021, assaults, or in any effort to cover them up. Therefore, he can't proceed against Commissioner Carter or Warden Neal and won't be granted injunctive relief against them.

For these reasons, the court:

(1) GRANTS Timothy Dean Anderson leave to proceed against Correction Official Turner in his individual capacity for compensatory and punitive damages for assaulting him on August 31, 2021, in violation of the Eighth Amendment;

(2) GRANTS Timothy Dean Anderson leave to proceed against Correction Official Payge and Sergeant C. Fredianelli in their individual capacities for compensatory and

punitive damages for assaulting him twice on August 31, 2021, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Commissioner Robert E. Carter and Warden Ron Neal;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correction Official Turner, Correction Official Payge, and Sergeant C. Fredianelli at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correction Official Turner, Correction Official Payge, and Sergeant C. Fredianelli to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 20, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT