UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY DEAN ANDERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-687-RLM-MGG |
| C. FREDIANELLI, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy Dean Anderson, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Correction Official Turner in his individual capacity for compensatory and punitive damages for assaulting him on August 31, 2021, in violation of the Eighth Amendment[.]" ECF 6 at 3. Second, he is proceeding "against Correction Official Payge and Sergeant C. Fredianelli in their individual capacities for compensatory and punitive damages for assaulting him twice on August 31, 2021, in violation of the Eighth Amendment[.]" *Id.* at 3-4. On May 9, 2022, the defendants filed a motion for summary judgment, arguing Mr. Anderson didn't exhaust his administrative remedies before filing suit. With the motion, the defendants provided Mr. Anderson the notice required by N.D. Ind. L.R. 56-1(f). Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a

response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over five months ago, but Mr. Anderson hasn't responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999)

(emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison, who attests to the following facts:[1] During the time of the incident alleged in Mr. Anderson's complaint, an Offender Grievance Process was in place at ISP. ECF 17-1 at 2. Didn't Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 17-2 at 3. Mr. Anderson's grievance records indicate he didn't complete any of these steps before filing this lawsuit. ECF 17-1 at 5; ECF 17-3.

Because it is undisputed Mr. Anderson didn't complete any of the required steps of the Offender Grievance Process before filing this lawsuit, the defendants have met their burden to show Mr. Anderson didn't exhaust his administrative remedies. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 17); and

---

[1] Because Mr. Anderson hasn't responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

4

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Timothy Dean Anderson and to close this case.

SO ORDERED on December 2, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
